IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSLIN MATHENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0100-WS-C |
| | ) |
| WILLIAM DOYLE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The defendant has removed this action on the basis of diversity of citizenship. Although the plaintiff has not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint alleges that the defendant negligently or wantonly operated a motor vehicle, causing a collision with the vehicle driven by the plaintiff. The complaint seeks damages in the form of past and future medical expenses, past and future pain and suffering, lost time from employment, and punitive damages. The complaint seeks damages in excess of the minimal jurisdictional limit of the state court ($10,000), but does not otherwise articulate an amount demanded. (Doc. 1, Exhibit A).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard

applies here.  Under *Tapscott,* a defendant must show that, if the plaintiff prevails on liability, it will more likely than not be awarded over $75,000.[1]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not.  *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

The Court thus turns to the notice of removal, which states that the plaintiff "has also made allegations that she lost a fetus in" the subject accident.  (Doc. 1 at 2).  The defendant offers no evidence in support of this assertion.  The notice of removal further

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

notes that emotional distress awards and punitive damages awards in excess of $75,000 have been upheld in the Alabama appellate courts. (*Id.*).

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20. "[U]nsupported assumptions" are likewise "inadequate." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). The defendant's assertion that the plaintiff claims loss of a fetus is insufficient to carry its burden because, without evidence that the plaintiff has made such an allegation, the defendant articulates only an unsupported assumption. *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210-1211 (11th Cir. 2007) (a defendant cannot establish the amount in controversy by a preponderance of the evidence if it offers no evidence). The defendant's reliance on results in other cases is inadequate as a matter of law. *See id.* at 1220-21 (the value of other tort claims could not be considered because it was not received from the plaintiffs and, at any rate, "we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit."); *Federated Mutual Insurance Co. v. McKinnon Motors LLC,* 329 F.3d 805, 809 (11th Cir. 2003) ("[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion" that the amount in controversy exceeded $75,000).

Accordingly, the Court proceeds to the third step of the *Williams* analysis. The defendant is **ordered** to file and serve, on or before **March 3, 2008**, any evidence and additional briefing relevant to the amount in controversy at the time the case was removed. Failure to do so will necessarily result in a finding that the defendant has not carried its burden of establishing the amount in controversy by a preponderance of the evidence. The plaintiff is **ordered** to file and serve any response on or before **March 11, 2008**. The Court will take the issue of its subject matter jurisdiction under submission on

**March 12, 2008**.[2]

DONE and ORDERED this 19th day of February, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The parties agree that the plaintiff is a citizen of Alabama and the defendant a citizen of Florida.  The citizenship of the fictitious defendants must be disregarded.  28 U.S.C. § 1441(a).  The complete diversity of the parties is thus established, and only the amount in controversy is at issue.