IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSLIN MATHENA,             ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | |
| v.                          ) | CIVIL ACTION 08-0100-WS-C |
|                             ) | |
| WILLIAM DOYLE,              ) | |
|                             ) | |
|     Defendant.              ) | |

**ORDER**

This matter is before the Court on its sua sponte review of its subject matter jurisdiction.  The defendant has submitted evidentiary materials in response to the Court's inquiry, (Doc. 8), and the plaintiff declined the opportunity to challenge the defendant's evidence or present any of her own.  (Doc. 6).

The complaint alleges that the defendant negligently or wantonly operated a motor vehicle, causing a collision with the vehicle driven by the plaintiff.  The complaint seeks damages in the form of past and future medical expenses, past and future pain and suffering, lost time from employment, and punitive damages.  The complaint seeks damages in excess of the minimal jurisdictional limit of the state court ($10,000), but does not otherwise articulate an amount demanded.  (Doc. 1, Exhibit A).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement."  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.  Under *Tapscott,* a defendant must show that, if the plaintiff prevails on

liability, it will more likely than not be awarded over $75,000.[1]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not.  *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).  As noted in the Court's previous order, (Doc. 6 at 2-3), the notice of removal does not supply the deficiency.

Accordingly, the Court proceeds to the third step of the *Williams* analysis.  The defendant has presented evidence that, prior to filing suit, the plaintiff claimed that the collision caused her to lose one of the twin fetuses she was carrying.  The evidence

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

further reflects that she demanded $100,000 from the defendant.  (Doc. 8, Nystrom Affidavit).[2]

"While [a] settlement offer, by itself, may not be determinative, it counts for something."  *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).  What it counts for depends on the circumstances.  Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.[3]  On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [her] claim" and are entitled to more weight.  *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998); *accord Hardy v. Jim Walter Homes, Inc*., 2007 WL 1889896 at *6 n.11 (S.D. Ala. 2007).

Here, the plaintiff supported her $100,000 settlement demand by citing the loss of her child in utero, so the demand may be considered a reasonable assessment of the damages the plaintiff seeks.  Moreover, losing an unborn child in an automobile accident is an event that would predictably cause substantial mental anguish to the mother.[4]  The trouble is that the defendant provides no authority for the proposition that an injured mother may legally recover mental anguish damages experienced, not in consequence of her own injury, but in consequence of the injury experienced by the child.  *See Boyd v.*

---

[2]It appears that the defendant was attempting to quantify or describe the plaintiff's medical expenses, but the testimony ends abruptly mid-sentence.  (*Id*., Hannon Affidavit at 1).

[3]*Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998); *Standridge v. Wal-Mart Stores, Inc*., 945 F. Supp. 252, 256-57 (N.D. Ga. 1996); *cf. Progressive Specialty Insurance Co. v. Nobles*, 928 F. Supp. 1096, 1098 (M.D. Ala. 1996) (a settlement demand in excess of the jurisdictional amount did not show to a legal certainty that the counter-plaintiff would recover in excess of the jurisdictional amount).

[4]Because the complaint is not brought on behalf of the fetus, only damages to the mother may be considered.

*Homes of Legend, Inc*., 188 F.3d 1294, 1298, 1299 (11th Cir. 1999) (where punitive damages as a matter of law could not be awarded, the plaintiff's demand for them could not be considered in determining the amount in controversy in a removed action).

The Court will provide the defendant one final opportunity to carry its burden of demonstrating the propriety of removal.  The defendant is **ordered** to file and serve, on or before **March 21, 2008**, any additional briefing and/or evidentiary materials on which it relies to demonstrate that the amount in controversy exceeds $75,000.  The plaintiff is **ordered** to file and serve any response on or before **March 28, 2008**. The Court will take under submission the issue of its subject matter jurisdiction on **March 28, 2008**.

DONE and ORDERED this 13th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
